UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONNA L. CRAWFORD                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:15CV-637-CRS

CONNECTIONS                                                                   DEFENDANT

### MEMORANDUM OPINION

Plaintiff Donna L. Crawford filed this *pro se* action. By prior Order (DN 4) entered October 15, 2015, this Court ordered Plaintiff to tender the $400 filing fee or file an application to proceed without prepayment of fees within 30 days. The Order also warned Plaintiff that her failure to tender the $400 filing fee or file an application to proceed without prepayment of fees within 30 days would result in dismissal of the action.

More than 30 days have passed, and Plaintiff has failed to respond to the Court's Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate her claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an

inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Order shows a failure to pursue her case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: December 3, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendant
4411.010